```
IN THE DISTRICT COURT OF THE UNITED STATES
     FOR THE DISTRICT OF SOUTH CAROLINA
              ANDERSON DIVISION
```

| | |
|---|---|
| Marvin K. Jones, | ) Civil Action No.: 8:10-988-JMC-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Wal-Mart/Sam's Club and Steven Pazerdski, | ) **OF MAGISTRATE JUDGE** |
| Defendants. | ) |

This matter is before the Court on the defendants' partial motion to dismiss [Doc. 20] pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff, who is proceeding *pro se*, has pled claims for employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 and state law claims for wrongful discharge/termination and defamation.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The plaintiff alleges that (a) he was terminated because of his race; (b) Defendant Sam's Club approved Caucasians' requests for time off before it approved similar requests from him; and (c) Defendant Steven Pazerdski made a "racial remark" to an African-American Associate. (See Compl. at 4-5.) In support of his claim for religious discrimination, the plaintiff alleges that he refused to work on Saturday for religious reasons and that Defendant Sam's Club terminated him for such refusal. *Id*. The plaintiff further contends that he was retaliated against for making internal complaints regarding such discrimination and that his employment was terminated for the same. *Id*.

The plaintiff contends that he was also wrongfully terminated for alleged "harassment," which did not occur during working hours. *Id*. Finally, the plaintiff complains that he was defamed in the accusation of such harassment. *Id*.

**APPLICABLE LAW**

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

**DISCUSSION**

**I.    Wrongful Discharge**

The defendants first contend that the plaintiff has not pled the necessary elements of a claim for wrongful discharge. The plaintiff's complaint is somewhat ambiguous on this point. He appears to designate a claim as one for "wrongful termination." (Compl. at 4.) South Carolina recognizes two claims specifically styled as"wrongful discharge/termination." The first is based upon the modification of an at-will employment arrangement arising out of the terms of an employee handbook. *See Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 697 (S.C. 2005); *Conner v. City of Forest Acres*, 560 S.E.2d 606, 610 (S.C. 2002) ("[W]here the at-will status of the employee is altered by the terms of an employee handbook, an employer's discharge of an employee may give rise to a cause of action for wrongful discharge.") The second is a claim for wrongful discharge in violation of public policy. *See Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213 (1985). Because the plaintiff has not alleged any violation of a mandatory term of an employee handbook, the only possible claim would be one for a violation of public policy.

As the defendants argue, however, that cause has been narrowly circumscribed. Specifically, the defendant suggests that the South Carolina Supreme Court has recognized the claim in only two circumstances: (1) where an employer forced an employee to violate the law and (2) where the termination itself violates a criminal law. *Bolin v. Ross Stores, Inc.*, 2009 WL 363990 at *4 (D.S.C. Feb. 11, 2009). The Court would not go so far but would concede that the circumstances are few. See also *Prescott v. Farmers Telephone Co-op., Inc.*, 516 S.E.2d 923, 925 n. 3 (S.C. 1999); *Moshtaghi v. The Citadel*, 443 S.E.2d 915, 919 (S.C. Ct. App.1994) (finding that *Ludwick* applies also when an at-will employee may not be terminated for exercising constitutional rights); *Culler v. Blue Ridge Electric Cooperative*, Inc., 422 S.E.2d 91, 92-93 (S.C. 1992 (holding "*Ludwick's* prohibition of retaliatory discharge in violation of clear mandate of public policy of this State extends at least to legislatively defined 'Crimes Against Public Policy.'"). Regardless, the plaintiff's Complaint does not speak to any public policy, much less the kinds of policy considerations

that South Carolina has expressly recognized, whatever their number. (See generally Compl.) In his response, he makes no rejoinder. (See generally Pl. Resp.) The claim should be dismissed.

**II.     Libel and Slander**

The defendants have also moved for dismissal of the plaintiff's claims for libel and slander. In support of these claims the plaintiff alleges that the defendant is guilty of "accusing & publishing that I harass," and "accussing [sic] & publishing & terminating me for alledge [sic] harrassment [sic]," respectively. (Compl. at 4.) The defendants contend that these averments are too conclusory to satisfy the Federal pleading requirements and, moreover, that they do not speak to each of the elements of a libel or slander claim.

The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Even though a *pro se* complaint is entitled to liberal construction, "a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681-682 (D.C. Cir.2009) (quotation omitted).

Liberally construing it, as the Court must, it is the undersigned's view that the plaintiff has pled sufficient facts from which the court can draw a reasonable inference regarding the alleged misconduct of the defendant. He specifically accuses the defendant of

4

publishing, not simply defamatory statements about him, generally, but that he is a harasser, specifically. Whether or not he has, in fact, pled all elements of the claim, however, is another matter.

To state a claim for libel or slander, a plaintiff must show "(1) a false and defamatory statement by the defendant concerning the plaintiff; (2) an unprivileged communication; (3) fault on the defendant's part in publishing the statement; and (4) either actionability of the statement irrespective of special harm or the existence of special harm to the plaintiff caused by the publication." *See Parrish v. Allison*, 656 S.E.2d. 382, 388 (S.C. Ct. App. 2007). The defendant would argue that the plaintiff has failed to allege that the statements were false, that the defendants lacked a qualified privilege, that any of the defendants acted negligently, recklessly, or maliciously in making the statement, or that he suffered special harm due to the publication.

Of course, it is a necessary implication of the language of his averments that he believes the statements to be false and unprivileged, actually or technically (thus, the lawsuit). Moreover, libel is actionable *per se* and the particular type of slander alleged is likely as well. *See Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 510-11 (S.C. 1998) Accordingly, under common law principles the law presumes that the defendant acted with common law malice, or "fault," and that the plaintiff suffered general damages, such that special ones need not be pled. *Id.* at 511; *McBride v. School Dist. of Greenville County*
698 S.E.2d 845, 852 (S.C. Ct. App. 2010). The Court has not looked beyond the pleading.

The Court is satisfied with the efficacy of the pleading.

### III.     Title VII and Individual Supervisory Liability

The plaintiff brings his race discrimination, religious discrimination, and retaliation claims under Title VII. Title VII prohibits discrimination by employers. *See* 42 U.S.C § 2000e-2. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). In construing the definition of "employer" under Title VII, it is well

5

established that Title VII does not impose individual liability on supervisory employees. *See, e.g., Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers'"); *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998) (holding that supervisors cannot be found liable in their individual capacity under Title VII because they do not fit within the definition of an employer). Accordingly, the plaintiff's Title claim should be dismissed as against Defendant Steven Pazerdski, who has not been sued in any other capacity than an individual one; the plaintiff does not allege that he qualifies as an "employer" under the statute. As to the slander and libel claim, it is a close call. The Complaint contains no specific allegation that Pazerdski was the defaming party. The plaintiff does not expound in his response. The Court would recommend dismissal of that state law cause of action against Pazerdski, as well.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendants' partial motion to dismiss [Doc. 20] be GRANTED, in part, and DENIED, in part. Specifically, the plaintiff's state law claim for wrongful discharge/termination should be dismissed *with prejudice*, as well as all claims against Defendant Steven Pazerdski. The motion as to all other claims against Defendant Wal-Mart/Sam's Club should be denied.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

October 22, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page**