IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Marvin Kimble Jones, | ) | Case No. 8:10-cv-988-JMC-JDA |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF THE MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| Wal-Mart, Sam's Club,[1] and Steven | ) | |
| Pazerdski, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on a motion to dismiss filed by Defendants Sam's Club and Steven Pazerdski ("Pazerdski"). [Doc. 69.] Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) for the failure of Plaintiff, who is proceeding pro se, to comply with this Court's Order [Doc. 63] directing Plaintiff to produce certain documents to Sam's Club. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed this action on April 21, 2010, alleging discrimination on the basis of his race and religion, retaliation for engaging in protected activity under Title VII of the Civil Rights Act of 1964, wrongful termination, slander, and libel. [Doc. 1.] On February 11, 2011, the District Court dismissed with prejudice Plaintiff's state law claims of wrongful

---

[1] Although Plaintiff identifies the corporate defendant(s) as "Wal-Mart/Sam's Club" [Doc. 1 at 1], the proper corporate entity for purposes of this lawsuit is Sam's East, Inc. [Doc. 15 at 1 n.1]. The Court will refer to Defendants Wal-Mart and Sam's Club collectively as "Sam's Club."

discharge/termination against all Defendants and Plaintiff's Title VII claim against Pazerdski; the District Court also directed Plaintiff to amend his Complaint to state a valid defamation claim against Pazerdski.  [Doc. 53.]  In accordance with the District Court's Order, Plaintiff submitted an Amended Complaint on February 24, 2011.  [Doc. 57.]

**Requests for Production**

On October 5, 2010, Sam's Club served requests for production of documents on Plaintiff.  [Doc. 50-1.]  On December 6, 2010, Sam's Club received nine pages of documents from Plaintiff; these nine pages comprised Plaintiff's charge of discrimination and right to sue letter from the South Carolina Human Affairs Commission.  [Doc. 50-2.] From Plaintiff's January 6, 2011 deposition responses, counsel for Sam's Club concluded Plaintiff's December 2010 production was incomplete, and on January 7, 2011, counsel hand-delivered a letter to Plaintiff, requesting Plaintiff to supplement his production.  [Doc. 50 at 2; Doc. 50-3.]  Counsel sent Plaintiff another letter on January 26, 2011, requesting Plaintiff to provide complete responses or Sam's Club would be forced to file a motion to compel. [Doc. 50 at 2; Doc. 50-4.]  On February 4, 2011, Sam's Club received a response from Plaintiff that stated he did not "have any other documents in [his] possession."  [Doc. 50 at 2; Doc. 50-5.]

**Motion to Compel**

On February 7, 2011, Sam's Club filed a motion to compel, seeking Plaintiff's responses to five requests for production:

> 26. All of your federal, state, and local income tax returns, receipts, check stubs and W-2 forms that indicate the transfer of funds to you, whether private or governmental transfer payments, including wages, passively earned income, and

benefits of any kind, from January 1, 2005, through the present.

27. All documents, which relate or refer to any claim(s) Plaintiff made for any type of government (federal, state, or local) benefits assistance during or subsequent to Plaintiff's employment with Sam's.

28. All documents reflecting, concerning or evidencing your income, salary, pay or any remuneration from any source, other than Sam's, from January 1, 2005, through the present.

...

37. Copies of all pleadings or any relevant papers that refer or relate to all prior lawsuits, grievances, administrative actions, or other claims filed by you, in your name, or on your behalf under federal, state, or local law against any current or former employer other than Sam's.

38. All documents which relate or refer to any arrest and/or plea and/or conviction of and/or by Plaintiff for any criminal offense.

[Doc. 50 at 3.][2]  By Order dated February 25, 2011 [Doc. 63], this Court granted Sam's

Club's motion to compel and ordered Plaintiff to do the following:

> 1.     Produce any and all documents responsive to Request Nos. 26, 27 and 28  which can reasonably be obtained from his former employers, including but not limited to,

---

[2] Sam's Club argued the information requested in Requests 26–28 would reveal the extent to which Plaintiff mitigated his alleged damages. [Doc. 50 at 4.] Sam's Club contended Plaintiff's deposition testimony revealed he almost certainly possessed documents that are responsive to the mitigation requests and, therefore, should be produced. [*Id.*] For example, Plaintiff testified he worked at Best Buy in Charlotte, North Carolina, after his termination from Sam's Club [Doc. 50-6 at 2–3]; any documents pertaining to that position and the pay Plaintiff received for his work at Best Buy would be responsive to Request No. 28. Similarly, Plaintiff testified in his deposition that he has filed tax returns in recent years [*id.* at 4], yet he failed to produce them. His tax forms would be responsive to Request No. 26.

Additionally, Sam's Club argued the information requested in Requests 37–38 could be used as after-acquired evidence to reduce or eliminate damages because Sam's Club's employment application asks about an applicant's criminal history. [Doc. 50 at 4–5.] Sam's Club further argued that knowledge of other legal actions Plaintiff has been involved in could lead to the discovery of testimony he has given that is inconsistent with testimony he gave at his deposition or will give at trial, which Sam's Club could use to impeach Plaintiff's credibility. [*Id.* at 5.]

copies of W-2s and pay checks received on or after the date of discharge from Sam's;

2.  Produce any and all documents responsive to Request Nos. 26, 27 and 28 which can reasonably be obtained from local or federal agencies, including but not limited to the IRS, the Employment Security Commission, or the Social Security Administration;

3.  Produce any and all documents responsive to Request Nos. 37 and 38 which can reasonably be obtained from local or federal agencies or courts; and,

4.  To the extent such documents requested in Request Nos. 37 and 38 cannot be obtained, Plaintiff is Ordered to provide Defendant with a listing of any and all prior lawsuits, grievances, administrative actions, or other claims filed under federal, state or local law against any current or former employer other than Defendant. The listing will describe with particularity the nature of the claim, the former employer involved, as well as the disposition of the matter.

[Doc. 63.] Plaintiff was directed to serve responses on Sam's Club within thirty days of the date of the Order. [*Id.*]

On March 25, 2011, Plaintiff responded to the Court's Order, stating Defendants have "all the documents that Plaintiff has in his possession." [Doc. 67 at 1.] Further, in response to the Order's Requirement 1, Plaintiff produced a single W-2 from Best Buy for the year 2010, showing compensation in the amount of $2,656.95;[3] in response to Requirement 2, Plaintiff stated that "Janet at ESC" indicated no records exist; and in response to Requirements 3 and 4, Plaintiff stated Defendants had the information. [*Id.*]

---

[3] The record indicates that since his termination from Sam's Club, Plaintiff has also worked for Wal-Mart—and may still be working there. [*See, e.g.*, Doc. 50-2 at 6–8; Doc. 69 at 3.] Sam's Club's Request 28 asked for information regarding Plaintiff's employment at companies other than Sam's East, Inc. [Doc. 50-1 at 12], and Plaintiff's employer when he worked for Wal-Mart was Wal-Mart Stores East, L.P. [Doc. 69 at 3], not Sam's East, Inc. Also, the Court takes judicial notice that Wal-Mart Stores, Inc. is the parent company of Sam's East, Inc. *See United States v. Eighty-Three Rolex Watches*, 992 F.2d 508, 509 (5th Cir. 1993).

**Motion to Dismiss**

On April 1, 2011, Defendants filed the present motion to dismiss. [Doc. 69.] In their motion and in response to Plaintiff's reply to the Court's Order, Defendants point out that Plaintiff failed to comply not only with Sam's Club's requests but also with the Court's Order.[4] Plaintiff responded to Defendants' motion to dismiss by stating he did "not have the time, money, or energy to respond to the defendant's frivolous request for documents or information that do not exist." [Doc. 77 at 1.] Plaintiff indicates Defendants have all the documents he has, he has only worked for Best Buy since his termination from Wal-Mart, and Defendants are aware of payments Plaintiff received from the military. [*Id.* at 1–2.] Plaintiff indicated he has complied with the Court's Order. [*Id.* at 4.] In reply, Defendants argue Plaintiff has violated the Court's Order by failing (1) to take the necessary steps to obtain the documents from the appropriate agencies and courts and (2) to list his previous legal and administrative disputes with employers. [Doc. 79 at 3–4.]

**Order to Show Cause**

Because Plaintiff is proceeding pro se, on September 20, 2011, this Court issued an Order for Plaintiff to show cause why his continued failure to comply with Sam's Club's discovery requests, as well as his failure to comply with the Court's order granting Sam's Club's motion to compel, should not result in the dismissal of his action. [Doc. 87.] The Order directed Plaintiff, within twenty days of the date of the Order, to respond or show proof of compliance with the Court's order granting Sam's Club's motion to compel. On

---

[4] The Court did not issue its own requests for production as implied by Plaintiff [Doc. 67 at 1] but ordered Plaintiff to comply with Defendants' requests for production. In an effort to assist Plaintiff, who is proceeding pro se, in understanding what was being requested of him by Defendants, the Court attempted to spell out in its Order the nature of the document requests and the manner in which Plaintiff could potentially obtain them. The Court was only seeking to assist Plaintiff, not to direct its own discovery requests.

October 11, 2011, Plaintiff filed a reply to the Order to Show Cause, stating "[D]efendants mentioned to me last week when I went in their office around 1:30, on Thursday that I have responded to every request that they sent me, when I asked the secretary to look in her files. . . . The secretary look[ed] on the computer and said that I have complied with the last request that they sent me." [Doc. 90 at 1–2.]  At the end of his reply, Plaintiff states, "I, therefore conclude that this court should proceed on with the 'summary judgment' and let the evidence speak for itself." [*Id.* at 3.]

In response, Defendants deny telling Plaintiff he had fully responded to Sam's Club's discovery requests and renewed their motion to dismiss.  [Doc. 94.]  Specifically, Defendants contend Plaintiff fabricated the story Plaintiff related in his reply to the Court's Order, and Defendants' counsel's legal secretary did no more than provide Plaintiff with a copy of the Order to Show Cause and advise Plaintiff to follow the Court's orders.  [*Id.* at 2–4; *see also* Doc. 94-1 (declaration of Defendants' counsel's legal secretary).]  Further, Defendants note Plaintiff merely "repeat[ed] his claim from previous filings that the Defendants possess the information and documents the Court ordered him to provide." [Doc. 94 at 4.]  Defendants contend (1) the bad faith and personal fault demonstrated by Plaintiff's conduct is extensive and egregious; (2) Plaintiff's conduct has prejudiced Defendants; (3) Plaintiff's conduct reveals sanctions less severe than dismissal would not be effective; (4) there is a great need for deterrence of conduct like Plaintiff's; and (5) Plaintiff's actions over the past year have established a pattern of dilatory conduct.  [*Id.* at 5–7.]

Defendants' motion to dismiss [Doc. 69] is now ripe for review.

## APPLICABLE LAW

**Dismissal Under Rule 37**

Rule 37 of the Federal Rules of Civil Procedure defines the sanctions a court may levy on a party who refuses to cooperate in discovery.  Under Rule 37(a), "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  Under Rule 37(b), a district court may impose sanctions, including dismissal of claims, for a party's failure to comply with the court's discovery orders.  Fed. R. Civ. P. 37(b)(2)(A); *see Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976) (per curiam) (stating that the question on appeal is whether the district court abused its discretion by dismissing the action pursuant to Rule 37, "not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action"); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) ("[T]he express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.'" (quoting Fed. R. Civ. P. 37(b)(2))).  "While the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, '[i]t is not . . . a discretion without bounds or limits.'" *Hathcock*, 53 F.3d at 40 (quoting *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503 (4th Cir.1977)).  With the sanction of dismissal, "the 'range of discretion is more narrow' than when a court imposes less severe sanctions."  *Id.* (quoting *Wilson*, 561 F.2d at 503).  Dismissal of a party's case for failure to comply with a court order or a discovery request "is a severe sanction which must be exercised with restraint, caution and discretion." *Zaczek v. Fauquier Cnty. Va.*, 764 F. Supp 1071, 1077 (E.D. Va. 1991) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

To warrant dismissal, the offending party's conduct in the litigation must demonstrate a "pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1992); *see also Wilson*, 561 F.2d at 499–516. A court must consider four factors to determine whether the offending party's conduct such a pattern and disrespect for the court. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. Specifically, a court must consider:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.* (citing *Wilson*, 561 F.2d at 503–06).

In addition, the Fourth Circuit has emphasized the significance of providing a party with a clear warning regarding the possibility of dismissal before entering such a sanction. *Hathcock*, 53 F.3d at 40. While a district court may dismiss a party's case for noncompliance with the court's discovery order where the party's action constitutes "'flagrant bad faith'" and "'callous disregard'" of his responsibilities, *Nat'l Hockey League*, 427 U.S. at 643, the Fourth Circuit has held the dismissal power should be exercised only when the record clearly reflects delay or contumacious conduct by the plaintiff, *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).

**Dismissal Under Rule 41**

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the defendant may move to dismiss the action, and the court may enter an order of involuntary dismissal. Fed. R. Civ. P. 41(b). In assessing whether dismissal is appropriate under Rule 41(b), a court evaluates (1) the degree of the plaintiff's personal responsibility for the failures; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam); *see also Ballard*, 882 F.2d at 95 (holding the magistrate judge's prior explicit warning that a recommendation of dismissal would result if the plaintiff failed to obey the judge's order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply the despite warning).

Although a pro se litigant is not held to the same high standards as an attorney, *see Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989); *see also Dancy v. Univ. of N.C. at Charlotte*, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) ("Although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" (quoting *Ballard*, 882 F.2d at 96)); *Pack v. S.C. Wildlife & Marine Res. Dep't*,

9

92 F.R.D. 22, 25 (D.S.C. 1981) ("A pro se litigant . . . must meet certain standards. Among these are a good faith attempt to comply with the rules of discovery and to be present for trial." (internal citations omitted)). Accordingly, pro se litigants are also subject to the provisions of Rule 41.

## DISCUSSION

As discussed above, Defendants moved to dismiss this action because of Plaintiff's repeated failure to comply with Sam's Club's discovery requests and this Court's orders. [Docs. 69, 94.] In Defendants' response to the Order to Show Cause, Defendants contend dismissal is warranted under Rules 37 and 41 of the Federal Rules of Civil Procedure because (1) the bad faith and personal fault demonstrated by Plaintiff's conduct is extensive and egregious; (2) Plaintiff's conduct has prejudiced Defendants; (3) Plaintiff's conduct reveals sanctions less severe than dismissal would not be effective; (4) there is a great need for deterrence of conduct like Plaintiff's; and (5) Plaintiff's actions over the past year have established a pattern of dilatory conduct. [Doc. 94 at 5–7.] The Court agrees.

The standards for dismissal under Rule 37(b)(2) and Rule 41(b) are "virtually the same." *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994) (per curiam) (unpublished table decision). Accordingly, to determine whether this action should be dismissed for Plaintiff's failure to comply with discovery requests and the Court's orders, the Court must consider (1) whether Plaintiff acted in bad faith; (2) the amount of prejudice Plaintiff's noncompliance caused Defendants; (3) the need for deterrence of the sort of noncompliance exhibited by Plaintiff; (4) the effectiveness of less drastic sanctions;

and (5) whether Plaintiff has a history of deliberately proceeding in a dilatory fashion.

*Chandler Leasing Corp.*, 669 F.2d at 920;  *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.

**Whether Plaintiff Acted in Bad Faith**

The record in this matter reflects Plaintiff has acted in bad faith.  First, Plaintiff has

failed to comply with more than one order of the Court.  Further, as described in the Order

to Show Cause, Plaintiff has failed to comply with Sam's Club's discovery requests.

Plaintiff clearly has made no attempt to obtain tax records, although he testified he filed tax

returns [Doc. 50-6 at 4].   Plaintiff's failure to even attempt to obtain and produce the

requested documents is inexcusable and could subject Plaintiff's case to dismissal.  *See*

*Whatley v. S.C. Dep't of Pub. Safety*, No. 3:05-42, 2007  WL 120848, at *12–13 (D.S.C.

Jan. 10, 2007) (concurring with the magistrate judge's recommendation that the plaintiff's

rationale for failing to provide the requested discovery was "implausible"—the plaintiff

claimed that both the Internal Revenue Service and the South Carolina Tax Commission

could not provide the plaintiff with his tax return); *see also Berry v. S.C. Dep't of Soc.*

*Servs.*, 1997 WL 499950, at *6 (4th Cir. Aug. 25, 1997) (finding that a party's failure to

follow a court's order to comply with discovery was a factor in dismissing the party's case).

Additionally, Plaintiff was terminated from Sam's Club in 2008 [Doc. 30-1 at 2; Doc.

30-3 at 5] but submitted a W-2 for only a short period of employment in 2010 at Best Buy

[Doc. 67-1], although it seems Plaintiff has also worked for Wal-Mart [*see, e.g.*, Doc. 50-2

at 6–8; Doc. 69 at 3].  Further, Plaintiff should be able to substantiate the amount of any

payments received from the government/military.  The fact that Defendants "know about

his miliary checks" [Doc. 77 at 2] does not absolve Plaintiff of his duty to produce

responsive and relevant documents, *see Fragoso v. Builders FirstSource Se. Grp., LLC*, No. 4:10-503, 2011 WL 767442, at *3 (D.S.C. Feb. 25, 2011) ("To the extent that Plaintiff claims that responsive documents are already in Defendant's possession, the court finds it is not an appropriate justification for Plaintiff's refusal to produce the same."). Moreover, in lieu of requiring Plaintiff to obtain filings from all prior lawsuits, the Court directed Plaintiff to produce at least a list of his previous legal and administrative disputes with employers. [Doc. 63 at 2.] Plaintiff failed to comply with this direction as well. Again, that Defendants may already have possession of these documents does not relieve Plaintiff of his duty to produce the documents. *See Fragoso*, 2011 WL 767442, at *3.

Plaintiff has shown a pattern of indifference and disrespect for orders of the Court and the Federal Rules on Civil Procedure by providing evasive or incomplete disclosures, answers, or responses, which "must be treated as a failure to disclose, answer, or respond," Fed. R. Civ. P. 37(a)(4). The Court has given Plaintiff ample opportunity to comply and has provided notice that the Court would not only entertain a motion for sanctions but would also grant dismissal if Plaintiff did not comply with the Court's orders directing compliance. Instead of complying with the Court's orders, Plaintiff falsely represented that Defendants have been provided the requested documents. [Doc. 90 (representing that all requested documents have been produced, which was confirmed to Plaintiff by Defendants' counsel's legal secretary); Doc. 94 (establishing falsity of Plaintiff's representation).] Such flagrant dishonesty and continued failure to comply is clearly evidence of bad faith.

12

**Amount of Prejudice Caused to Defendants**

Sam's Club has sought to obtain discovery regarding Plaintiff's mitigation of damages and information that might reduce or eliminate his damages claim under Title VII. [Doc. 50 at 4–5.] While it is true that "the district court's desire to enforce its discovery orders is confronted head-on by the [noncomplying] party's rights to a trial by jury and a fair day in court," *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (citing *Wilson*, 561 F.2d at 503–04), the Court finds that Plaintiff's failure to provide Defendants with the requested information—after repeated requests from opposing counsel and orders of the Court compelling disclosure—prevented Defendants from obtaining relevant, discoverable information and prejudiced Defendants' ability to prepare their case for trial. Consequently, Plaintiff's failure to comply with Sam's Club's discovery requests and the Court's orders has materially prejudiced Defendants' defense of this lawsuit.

**Need for Deterrence**

The need for deterrence of conduct like Plaintiff's is significant. Any litigant's disregard for court orders that require disclosure of information directly related to claims and damages is behavior that must be deterred. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (upholding the district court's finding that similar tactics by a party "must obviously be deterred"). As stated by the Fourth Circuit, "[i]n such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Id.* at 92 (citing *Nat'l Hockey League*, 427 U.S. at 643; *Wilson*, 561 F.2d at 504). Plaintiff has demonstrated an unwillingness to conform to the

Federal Rules and to abide by the orders of the Court.  Without exercising the power to dismiss under such circumstances, judicial resources are wasted, judicial authority becomes worthless, and litigants are forced endure unreasonable delay and partial responses to discovery. Therefore, there is a need for deterring conduct like Plaintiff's by exercising the Court's discretion to dismiss Plaintiff's action.

**Availability of Lesser Sanctions**

Lesser sanctions are available, *see* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii), but would likely be ineffective.  Moreover, the Fourth Circuit has recognized lesser sanctions can include any court orders that clearly warn of punishment for noncompliance.  *See Anderson v. Foundation for Adv., Educ. & Emp't of Amer. Indians*, 155 F.3d 500, 505 (4th Cir. 1998).  The Fourth Circuit has also held that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning. *Ballard*, 882 F.2d at 95–96.

Here, Sam's Club's motion to compel, the Court's Order compelling Plaintiff to comply, Defendants' motion to dismiss, and the Court's Order to Show Cause, warning Plaintiff of the likelihood of dismissal, have not motivated Plaintiff to comply with Sam's Club's discovery requests.  Because Plaintiff's bad faith failure to cooperate in discovery has been prejudicial to Defendants and has been in the face of Court warnings of severe sanctions, dismissal is the appropriate recourse.  The previous warnings of the Court have afforded Plaintiff ample opportunity to correct his behavior and preserve his right to bring suit.  Allowing this case to proceed would reward Plaintiff's bad acts, including his attempt to deceive the Court into believing he had complied and would add to Defendants'

14

prejudice and cost of litigation.  Accordingly, any sanction other than dismissal would fail to cure Plaintiff's determined obdurateness and impede the administration of justice.

**Whether Plaintiff Has a History of Proceeding in Dilatory Fashion**

The conduct displayed by Plaintiff, as described above, establishes Plaintiff has a history of proceeding in a dilatory fashion.  *See Huertas v. City of Philadelphia*, No. 05-1642, 2005 WL 1669754, at *2 (3d Cir. July 19, 2005) (finding that the plaintiff's continued refusal to attend his deposition established a pattern of dilatory conduct).  Over the course of a year, Plaintiff has failed to comply with Sam's Club's discovery requests despite Sam's Club's attempts to obtain the requested discovery and the Court's orders compelling discovery and warning of the possibility of dismissal of this action if Plaintiff failed to comply.  Moreover, Plaintiff has indicated an unwillingness to comply.  [*See, e.g.*, Doc. 77 at 1 (stating in response to Defendants' motion to dismiss that he did "not have the time, money, or energy to respond to the defendant's frivolous request for documents or information that do not exist").]  Consequently, the record in this action establishes Plaintiff has a history of proceeding in a dilatory fashion.

<u>**CONCLUSION AND RECOMMENDATION**</u>

In light of Plaintiff's continuous and flagrant disregard of discovery requests and the authority of this Court as set forth above, pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, the Court recommends that Defendants' motion to dismiss [Doc. 69] be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 28, 2011
Greenville, South Carolina

15