IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Marvin Kimble Jones, | ) | |
| | ) | C.A. No. 8:10-cv-00988-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Wal-Mart, Sam's Club,[1] | ) | |
| and Steven Pazerdski, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation [Doc. 95], filed on October 28, 2011, recommending that Defendants Sam's Club and Steven Pazerdski's ("Pazerdski") Motion to Dismiss [Doc. 69], pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) be granted due to Plaintiff's failure to comply with the court's order [Doc. 63] directing Plaintiff to produce certain documents to Sam's Club.

Plaintiff brought this action seeking relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, for discrimination based on race and religion, retaliation, and state law claims for wrongful termination, slander and libel. By prior order, this court dismissed Plaintiff's state law claims for wrongful termination against all Defendants, and Plaintiff's Title VII claim against Pazerdski. [Doc. 53]. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation, accordingly, the court will only reference facts pertinent

_____

[1] Consistent with the Magistrate Judge's Report and Recommendation, the court refers to Wal-Mart and Sam's Club collectively as "Sam's Club."

to the analysis of Plaintiff's objections.

On October 5, 2010, Sam's Club served Plaintiff with requests for production of documents. Upon concluding that Plaintiff's production was incomplete, Sam's Club sent letters to Plaintiff requesting that he supplement his production. On February 4, 20ll, Plaintiff responded that he did not have any further documents in his possession. On February 7, 2011, Sam's Club filed a Motion to Compel Production of Documents [Doc. 50]. On February 25, 2011, The Magistrate Judge granted Sam's Club's motion, and ordered Plaintiff to serve responses on Sam's Club within thirty days of the date of the order. [Doc. 63]. Plaintiff responded with Plaintiff's Response to the Court Order for Production of Documents [Doc. 67], essentially stating that Defendants already had all of the documents in Plaintiff's possession and producing a single W-2 form for the year 2010. In response, Defendants filed Defendants' Motion to Dismiss with Prejudice [Doc. 69]. The Magistrate Judge then issued an Order to Show Cause [Doc. 87], ordering Plaintiff to show cause why his failure to comply with discovery requests and with the Magistrate Judge's Order [Doc. 63] should not result in a dismissal of his action. Plaintiff replied to the Magistrate Judge's Order to Show Cause, stating that Defendants told him that he had responded to every request that they had sent to him. Defendants deny telling Plaintiff that he had responded to every request. Now before this court is the Magistrate Judge's Report and Recommendation recommending that Defendants' Motion to Dismiss with Prejudice [Doc. 69] be granted.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423

U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation [Doc. 95-1]. Plaintiff timely filed objections to the Report and Recommendation. [Doc. 99]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. [Doc. 99]. Plaintiff's objections consist primarily of a reassertion of the arguments made in his Response to Defendant's Motion to Dismiss with Prejudice [Doc. 77]. However, the court discerns the crux of Plaintiff's objections lies with his disagreement with the Magistrate Judge's determination that Plaintiff has failed to comply with discovery requests and the Magistrate Judge's orders. Upon a careful review of the record in this case and the Magistrate Judge's Report and Recommendation, this court agrees with the Magistrate Judge's conclusion that the record establishes a history of Plaintiff's failure and unwillingness to comply with the discovery process and the court's orders.

Accordingly, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 95]. Therefore, for the reasons articulated by the Magistrate Judge, Plaintiff's claims are

hereby **DISMISSED**, with prejudice.

      **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge


Greenville, South Carolina

March 2, 2012